UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXPRESS WORKING CAPITAL, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:15-cv-2655 |
| | § | |
| DOPPIO EAST HOLDINGS, LLC; DOPPIO HUNTINGTON HOLDINGS, LLC; DOPPIO, LLC; TIMELESS HOSPITALITY GROUP, LLC; LOUIS BARRESI; THOMAS PESCUMA; and DOES 1 THROUGH 20 | § § § § § § § | |
| | § | |
| Defendants, | § | |

## ORIGINAL COMPLAINT

Plaintiff Express Working Capital, LLC ("Plaintiff" or "EWC"), by and through its undersigned counsel, complaining of the defendants Doppio East Holdings, LLC, Doppio Huntington Holdings, LLC, Doppio, LLC, Timeless Hospitality Group, LLC, Louis Barresi, and Thomas Pescuma and DOES 1 through 20, inclusively (collectively, "Defendants"), respectfully alleges as follows:

### I.   THE PARTIES

1. Plaintiff EXPRESS WORKING CAPITAL, LLC ("Plaintiff" or "EWC"), is, and at all times relevant was, a limited liability company formed and existing under the laws of the State of Delaware, with its principal place of business in the County of Dallas, State of Texas.

2. Defendant DOPPIO HUNTINGTON HOLDINGS, LLC d/b/a DOPPIO HUNTINGTON ("DHH""), is, and at all times relevant was, a limited liability company formed and existing under the laws of the State of New York, with its principal place of business at 24 Clinton Ave., Huntington, NY 11743.  DHH may be served by and through the NYS Department of State

("DOS"), which will accept service on behalf of the entity, or by serving Mr. Barresi or Mr. Pescuma as they are the members, managers, and officers of Huntington.

3. Defendant DOPPIO EAST HOLDINGS, LLC d/b/a DOPPIO SAG HARBOR ("DEH"), is, and at all times relevant was, a limited liability company formed and existing under the laws of the State of New York, with its principal place of business at 126 Main Street, Sag Harbor, NY 11963. DEH may be served by and through the NYS Department of State ("DOS"), which will accept service on behalf of the entity, or by serving Mr. Barresi or Mr. Pescuma as they are the members, managers, and officers of Huntington.

4. Defendant TIMELESS HOSPITALITY GROUP, LLC ("THG"), is, and at all times relevant was, a limited liability company formed and existing under the laws of the State of New York, with its principal place of business at 24 Clinton Avenue, Huntington, New York 11743. THG may be served by and through the NYS Department of State ("DOS"), which will accept service on behalf of the entity, or by serving Mr. Barresi or Mr. Pescuma as they are the members, managers, and officers of Huntington.

5. Defendant DOPPIO, LLC ("Doppio"), is, and at all times relevant was, a limited liability company formed and existing under the laws of the State of Connecticut, with its principal place of business at 144 Mason Street, Greenwich, CT 06830. Doppio may be served by and through its registered agent at 24 Munko Drive, Stamford, CT 06902,, or by serving Mr. Barresi or Mr. Pescuma as they are the members, managers, and officers of Huntington.

6. Defendant LOUIS BARRESI ("Mr. Barresi") is, and at all times relevant was, a resident of the state of Connecticut. Mr. Barresi may be served at his home address at 42 Munko Drive, Stamford, CT 06902.

7. Defendant THOMAS PESCUMA ("Mr. Pescuma") is, and at all times relevant was, a resident of the state of New York. Mr. Pescuma may be served wherever he may be found,

_____
**ORIGINAL COMPLAINT**                                                    **- PAGE 2**

including the physical addresses for DHH, DEH, THG, and Doppio as well as ARCAP Partners at 900 Merchants Concourse, Suite 414, Westbury, NY 11590.

## II.   JURISDICTION & VENUE

8.   This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between the parties and the matter in controversy exceeds $75,000.00.

9.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   FACTS

### A.   Future Receivables Sale Agreements

10.   On or about October 1, 2014, Plaintiff entered into an agreement titled "Future Receivables Sale Agreement" ("FRSA") with DEH ("October 2014 Sag FRSA"), whereby DEH sold $238,740.00 worth of future credit card receivables to Plaintiff for $173,000.00.[1] Mr. Barresi, Doppio, THG, and DHH guaranteed the performance of DEH (collectively, the "Sag Guarantors").[2]

11.   On or about October 1, 2014, Plaintiff entered into an additional FRSA with DHH ("October 2014 Huntington FRSA"), whereby DHH sold $74,520.00 worth of future credit card receivables to Plaintiff for $54,000.00.[3] Mr. Barresi, Doppio, THG, and DEH guaranteed the performance of DEH (collectively, the "Huntington Guarantors").[4]

12.   On or about April 30, 2015, based on the representations of Mr. Pescuma that the Sag Harbor location would reopen and a settlement agreement would be entered, Plaintiff enter into

---

[1] *See* Exhibit A at p. 1.

[2] *See Id*. at pgs. 8-9.

[3] *See* Exhibit B at p. 1.

[4] *See Id*. at pgs. 8-9.

---

**ORIGINAL COMPLAINT**                                                                                                 **- PAGE 3**

an additional FRSA, whereby Plaintiff purchased an additional $6,900.00 in future credit card receivables for $5,000.00 ("April 2015 Huntington FRSA")[5]

13.     Plaintiff entered into a further advance with DEH, due to Mr. Pescuma's fraudulent misrepresentations, on or about May 15, 2015 ("May 2015 Sag FRSA"), whereby Plaintiff purchased an additional $28,060.92 worth of future credit card receivables for $20,334.00; DHH was an additional merchant on the May 2015 Sag FRSA.[6]

14.     Under the terms of the agreements, and all FRSAs, the merchant, in this case DEH and DHH, agreed to "remit to [Plaintiff] the… [purchased future credit card receivables]."  The merchant also promised to "not enter into any arrangement, agreement, or commitment that relates to or involves the [future credit card receivables]."[7]  The merchant further promised to "not suspend, dissolve, or close its business without providing [Plaintiff] thirty (30) days' notice" and "not change [credit card processors]… without the prior written consent of [Plaintiff]."[8]

**B.     Plaintiff's Performance Under the Agreements**

15.     On or about October 1, 2014, April 30, 2015, and May 15, 2015, Plaintiff complied with its obligations under the FRSAs by advancing a cumulative total of $252,334.00 to Defendants.

**C.     Defendants' Breaches of the Agreements**

16.     Defendants DEH and DHH materially breached its contractual obligations under the Agreements by, among other things, closing DEH's business prior to the total amount of receivables sold to Plaintiff being paid in full and without prior written consent of Plaintiff, and intentionally changing credit card processors without the prior written consent of Plaintiff.

---

[5] *See* Exhibit C at p. 1.

[6] *See* Exhibit D at p. 1, 8-10.

[7] *See* Exhibit A at § 7(B)(i); Exhibit B at § 7(B)(i).

[8] *See* Exhibit A at § 7(B)(iv) & (vii); Exhibit B at § 7(B)(iv) & (vii).

---

17.     The agreements provide that in the even a merchant breaches its contractual obligations, Plaintiff is entitled to recover, among other things, the amount of outstanding receivables purchased by Plaintiff.[9]  The current amount of outstanding receivables owed by DEH and DHH to Plaintiff under the agreements is $260,567.78.

18.     Plaintiff last received a payment of $1,250.00 on July 6, 2015.  This is the last payment delivered to EWC despite DEH and DHH both being open, operating, and generating credit card receivables.  Despite repeated attempts by Plaintiff to resolve this matter with DEH and DHH, DEH and DHH have refused and continue to refuse to forward Plaintiff the amount owed under the agreements, or to comply with their obligations under the agreements.

**D.     Guarantee by Guarantor**

19.     DHH, DEH, Mr. Barresi, THG, and Doppio are liable to Plaintiff for the $260,567.78 currently owed by DEH and DHH to Plaintiff under the agreements as they unconditionally guaranteed DEH and DHH's performance and obligations under the Agreements, and contractually agreed to assume full liability for the amount owed to Plaintiff under the agreements.[10]

**E.     Fraud by Defendants**

20.     Defendants made numerous misrepresentations to Plaintiff during the application process of the agreements.  Defendants misrepresented the ownership of DEH and DHH, claiming it was 100% owned by Mr. Barresi, despite being owned by several individuals and/or entities.  Defendants also represented that DEH was not contemplating closing, but actually closed one month after entering into the October 2014 Sag FRSA.

---

[9] *See* Exhibits A-D at § 18.

[10] *See Id.* at § 28.

_____
**ORIGINAL COMPLAINT                                                                                          - PAGE 5**

21. Plaintiff enter into the April 2015 Huntington FRSA and May 2015 Sag FRSA based on representations from Mr. Pescuma that all Defendants, including Mr. Pescuma, were reopening the Sag Harbor location and would enter into a settlement agreement with all the advance companies with whom Defendants had open advance agreements. Despite those representations, mere days after entering into those agreements, Defendants ceased remitting the purchase future receivables completely on July 6, 2015.

## IV.   CLAIMS AND CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT

22. Plaintiff alleges and incorporates herein by reference the allegations set forth above.

23. Plaintiff, DEH, DHH, Doppio, Mr. Barresi, and THG entered into the agreements regarding Plaintiff's purchase of the receivables from DEH and DHH. Plaintiff fully performed its contractual obligations under the agreements. DEH and DHH, however, materially breached its contractual obligations to Plaintiff by, among other things, closing its DEH prior to the total amount of receivables sold to Plaintiff being paid in full and without the prior written consent of Plaintiff, and changing their credit card processor without the written consent of Plaintiff. DEH, DHH, Doppio, Mr. Barresi, and THG further materially breached their contractual obligations by refusing to pay the outstanding amount owed under the agreements. As a result of the breaches of the agreements, Plaintiff suffered actual damages. Accordingly, Plaintiff is entitled to recover all amounts due and owing pursuant to the agreements.

### COUNT TWO: PROMISSORY ESTOPPEL

24. Plaintiff alleges and incorporates herein by reference the allegations set forth above.

25. In the alternative, Plaintiff brings this claim for promissory estoppel. DEH, DH, Doppio, Mr. Barresi, and THG made a promise to Plaintiff to forward the receivables purchased by Plaintiff. Plaintiff reasonably and substantially relied on the promise to its detriment when it

forwarded the purchase prices paid for the receivables. Plaintiff's reliance was foreseeable given that Plaintiff forwarded the purchase prices.  Therefore, injustice can only be avoided by enforcing DEH's, DHH's, Doppio's, Mr. Barresi's, and THG's promise to forward the receivables to Plaintiff.

### COUNT THREE:   FRAUD

26.   Plaintiff alleges and incorporates herein by reference the allegations set forth above.

27.   In the application process and immediately prior to entering into the agreements, Defendants made material and false representations to Plaintiff regarding Merchant's intention to close its business and enter into a settlement agreement. Defendants knew the representations were false when they were made and made the representations with the intent that Plaintiff rely upon the representations when deciding whether to enter into the agreements. Plaintiff relied upon the material and false representations and suffered damages therefrom. Accordingly, Plaintiff is entitled to recover such damages from Defendants.

### COUNT FOUR:   FRAUDULENT INDUCEMENT

28.   Plaintiff alleges and incorporates herein by reference the allegations set forth above.

29.   In the application process and immediately prior to entering into the agreements, Defendants made material and false representations to Plaintiff regarding Merchant's intention to close its business and enter into a settlement agreement. Defendants knew the representations were false when they were made and made the representations with the intent that Plaintiff rely upon the representations when deciding whether to enter into the agreements. Plaintiff relied upon the material and false representations and suffered damages therefrom. Accordingly, Plaintiff is entitled to recover such damages from Defendants.

### VII.
### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION

1. For compensatory damages according to proof at trial.

### FIRST AND SECOND CAUSES OF ACTION

1. For injunctive relief, commanding Defendants to:

    a. Reinstate Worldpay as the only credit card processor for the DEH's and DHH's businesses;

    b. Cease using any other credit card processor for the Merchant's business;

    c. Refrain from changing credit card processors from Worldpay or adding any credit card processors other than Worldpay without the prior written consent of Plaintiff;

    d. Refrain from taking any action or offer any incentive to discourage the use of credit cards, debit cards or other payment cards for the purchase of the DEH's and DHH's products and/or services;

    e. Refrain from permitting any event to occur that could cause a diversion of any of the DEH's and DHH's future receivables from Worldpay to any other entity; and

    f. Refrain from changing its arrangements with Worldpay or amend its processing agreement with Worldpay in any way that is adverse to Plaintiff.

### THIRD CAUSE OF ACTION

1. For compensatory damages according to proof at trial.
2. For punitive damages according to proof at trial.

### FOURTH CAUSE OF ACTION

1. For compensatory damages according to proof at trial.
2. For punitive damages according to proof at trial.

ALL CAUSES OF ACTION

1. For costs of suit.

2. For attorneys fees as appropriate.

3. For exemplary damages, pursuant to Texas Civil Practice & Remedies Code § 41.003.

4. For such other and further relief as is just and proper.

Respectfully submitted,

By: ___/s/ Wesley C. McDowell_____
Wesley C. McDowell
Texas State Bar No. 24079907

**MCDOWELL LAW**
4890 Alpha Road, Ste. 200
Dallas, Texas 75244
Tel: (214) 216-0216
Fax: (469) 458-6083
wmcdowell@caprockservices.com

**ATTORNEY FOR PLAINTIFF**