IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXPRESS WORKING CAPITAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-2655-D |
| VS. | § | |
| | § | |
| DOPPIO EAST HOLDINGS, LLC , et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

The original complaint[1] of plaintiff Express Working Capital, LLC ("EWC"), filed on August 13, 2015, appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332(a), but fails to allege properly the citizenship of any of the named parties.[2]

EWC alleges that it and four of the named defendants—Doppio Huntington Holdings, LLC d/b/a Doppio Huntington ("DHH"), Doppio East Holdings, LLC d/b/a Doppio Sag Harbor ("DEH"), Timeless Hospitality Group, LLC ("THG"), and Doppio, LLC ("Doppio")—are limited liability companies. Compl. ¶¶ 1-5. EWC pleads their citizenship based on the requirements for a corporation (i.e., state of incorporation and principal place of business). But "[a]ll federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the

---

[1]Although it does not affect the disposition of this matter, the court notes that use of the term "original complaint" appears to be a misnomer in federal practice. The term "original" may emanate from Texas state procedure. *See* Tex. R. Civ. P. 46 (referring to "original petition"). Fed. R. Civ. P. 7(a)(1), however, does not use the term when referring to a complaint. *See* Fed. R. Civ. P. 7(a)(1) ("Only these pleadings are allowed: (1) a complaint[.]").

[2]The complaint refers to "DOES 1 through 20" in the caption and introduction. This order does not pertain to these defendants.

citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (collecting cases). EWC must therefore specifically allege the citizenship of all of the members of EWC, DHH, DEH, THG, and Doppio. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company[.]").

EWC alleges the citizenship of defendants Louis Barresi ("Barresi") and Thomas Pescuma ("Pescuma") based on the states where they are residents. Compl. ¶¶ 6-7. But allegations of residency, rather than of citizenship, are inadequate to invoke this court's jurisdiction. *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (must plead citizenship as opposed to residency).

Until EWC properly alleges the citizenship of the parties, this court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam). Accordingly, no later than 21 days from the date of this order, EWC must file an amended complaint that alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332; otherwise, this action will be dismissed without prejudice for want of jurisdiction.

**SO ORDERED**.

August 13, 2015.

                                             SIDNEY A. FITZWATER
                                             UNITED STATES DISTRICT JUDGE