IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EXPRESS WORKING CAPITAL, LLC, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:15-CV-2655-D |
| VS. § | |
| § | |
| DOPPIO EAST HOLDINGS, LLC , et al., § | |
| § | |
| Defendants. § | |

## ORDER

The court is again evaluating an amended complaint that is defective in pleading the court's subject matter jurisdiction. Although after three attempts (an original and two amended complaints) plaintiff Express Working Capital, LLC ("EWC") has gotten close to properly pleading diversity of citizenship in conformity with 28 U.S.C. § 1332, EWC's second amended complaint is still defective in the following limited respects. The court therefore directs that EWC file a third amended complaint.

EWC correctly recognizes that, as a limited liability company, its citizenship is determined according to the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). It attempts in its second amended complaint to properly plead the citizenship of almost all of its members. *See* 2d Am. Compl. ¶ 1. But the second amended complaint still falls short because EWC has not properly pleaded the citizenship of MCD Partners, LP ("MCD Partners"), which, in turn, affects EWC's citizenship in two respects.

First, EWC alleges that MCD Partners "is a citizen of the State of Texas because its partners (Mr. Ken Frisbie and Mayfair Group, Inc. [a Texas corporation]) are citizens of the State of Texas." 2d Am. Compl. ¶ 1 (brackets in original). This is an insufficient allegation of citizenship with

respect to Mayfair Group, Inc. ("Mayfair Group"). As a corporation, Mayfair Group is considered to be a citizen both of its state of incorporation and of its principal place of business. *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation and the principal place of business of each corporate party"). Accordingly, EWC must allege Mayfair Group's state of incorporation and the state in which its principal place of business is located.

Second, this defect affects the citizenship of Dallas MCA Investments, LLC, ("Dallas MCA"), another alleged member of EWC. Dallas MCA is alleged to be a member of EWC, and MCD Partners is alleged to be a member of Dallas MCA. If MCD Partners' citizenship is not properly pleaded because of the defect in pleading Mayfair Group's citizenship, then Dallas MCA's citizenship likewise is not properly pleaded.

Accordingly, until EWC addresses the pleading defects identified in this order, this court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam). No later than 21 days from the date of this order, EWC must file a third amended complaint that alleges diversity of citizenship in conformity with 28 U.S.C. § 1332 by addressing the pleading defects identified in this order; otherwise, this action will be dismissed without prejudice for want of jurisdiction.

**SO ORDERED**.

November 2, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE